UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| Plaintiff, | § § § | 17-CR-0090 (PJS) (DTS) |
| v. | § § | |
| CHRISTOPHER GRUPE, | § § § | |
| Defendant. | § | |

### DEFENDANT'S FIRST MOTION TO CONTINUE THE TRIAL DATE

**TO THE HONORABLE COURT**:

Christopher Grupe, through counsel, moves this Court for a continuance of the jury trial currently scheduled for June 19, 2017 until the week of October 2 or later, and resetting the motion filing and other deadlines to match. (*See* Arraignment Minutes, Dkt. 9). The ends of justice warrant continuing these dates, due to: defense counsel's need for time to review this case, consider appropriate pretrial motions, and, if necessary, prepare for trial. Additionally, defense counsel has numerous other deadlines, court appearances, and trial dates between now and September. Thus, interests of justice require additional time to effectively prepare for trial, and these interests outweigh the public's and Defendant's interests in a speedy trial. Defense counsel has conferenced with the Government, and they consent to this request.

### BACKGROUND

1.  On April 11, 2017, a Grand Jury indicted Mr. Grupe. He is charged with a single federal felony charge under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(5)A). (*See* Indictment, Dkt. 1, at pp. 1 & 3).

      **2.**      Initial Rule 16 discovery has been provided to the defense. The defense and the government are in congenial discussions about additional discovery, including production of data in native file formats for forensic analysis by the defense.

      **3.**      Prior to Tuesday, May 30th, the parties were discussing a potential plea agreement which was ultimately, and only recently, declined. The parties have conferenced since, and the government agrees that a reasonable continuance should be granted.

      **4.**      Defense counsel's calendar at this time prevents adequate preparation for trial by the scheduled date. On June 13, defense counsel must attend oral arguments before the 9th Circuit Court of Appeals on a felony CFAA matter. On July 10, defense counsel is scheduled to begin trial in the Northern District of Texas on a cyberstalking case. On July 12, they begin a civil trial in a New York state court.

      **5.**      Mr. Ekeland will be out of the country for the bulk of August.

      **6.**      A continuance is necessary, and authorized under 18 U.S.C. § 3161 (the "Speedy Trial Act" or "STA") and Local Rule 6.1, to assure a fair and just trial, and to prevent a miscarriage of justice.

## THE SPEEDY TRIAL ACT FACTORS WARRANT THIS CONTINUANCE

## LEGAL STANDARD

      **7.**      The Speedy Trial Act ("STA") requires that a criminal trial commence within seventy days after the accused is charged or makes an initial appearance, whichever is later, and entitles the defendant to dismissal of the charges where that deadline is not met. 18 U.S.C. § 3161(c)(1).

8. However, "there are valid reasons for delay in some cases, [and] the Act excludes delays due to certain, enumerated events from the seventy-day period. *Id.*; *see also Zedner v. U.S.*, 547 U.S. 489, 497–98 (2006).

9. "[A]n extension can be granted in situations where 'it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section,'" *U.S. v. Gamboa*, 439 F.3d 796, 803 (8th Cir. 2006) (quoting STA § 3161(h)(8)(B)(ii)).

10. The STA excludes delay resulting from a continuance granted by any judge or at the request of the defendant if the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* STA § 3161(h)(7)(A).

11. Among the factors which may outweigh the public's and defendant's interest in a speedy trial are the "need for adequate preparation in unusual or complex cases, delays in filing the indictment, allowing the defendant a reasonable time to obtain counsel, allowing for the continuity of counsel, and permitting the defendant and the government reasonable time for trial preparations." *United States v. Bonilla-Filomeno*, 579 F.3d 852, 856 (8th Cir. 2009); *U.S. v. Sevilla-Acosta*, No. 10023022PJSFLN, 2016 WL 4179360, at *5 (D. Minn. Aug. 5, 2016); *see also U.S. v. Stone*, 461 F. App'x 461, 464–65 (6th Cir. 2012) (finding a 180-day continuance appropriate in an unusually complex case) & *United States v. Nunez-Macias*, No. 4:08-CR-94 JCH FRB, 2008 WL 2559432, at *1 (E.D. Mo. June 23, 2008) (granting a six-month continuance on a complex drug trafficking case); *see also* STA § 3161(h)(7)(B)(ii) & (iv).

## ARGUMENT

1. Currently, at least two factors under STA warrant granting the continuance. First, under either STA § 3161(h)(7)(B)(ii) or (iv), the ends of justice require a continuance to allow

time for effective preparation given the complex, multi-jurisdictional and international nature of the charges facing Mr. Grupe. Second, a continuance is warranted to prevent a miscarriage of justice, under STA § 3161(h)(7)(B)(i), due to the need to allow time for a thorough forensic analysis of the evidence.

2. STA § 3161(h)(7)(A) requires the Court to make a finding after considering and balancing multiple factors, including those factors listed in § 3161(h)(7)(B). The applicable factors under the STA as applied to this case warrant a continuance.

I. **A Continuance is Needed to Allow Defense Counsel Sufficient Time to Prepare Evidence, Investigate and Subpoena Witnesses, and to Determine and Draft Necessary Pretrial Motions**

3. The defense needs time to properly review this case and potentially subpoena geographically distant fact witnesses. Courts routinely grant continuances when the circumstances require more time for the defense to prepare. *See Stone* at 464-65 (6th Cir. 2012); *U.S. v. Baxter*, 562 Fed. App'x 447, 451 (6th Cir. 2014) *cert denied*, 134 S. Ct. 2861 (2014) (finding no speedy trial act violation act issue where the court had granted sixteen continuances).

4. The government has over a year to prepare its case, review its evidence, and to identify and prepare its witnesses. Under the current schedule, Mr. Grupe, who is still awaiting additional discovery from the government, would have less than a month before trial.

5. Much as in *Sevilla*, though at an earlier stage, the parties here were discussing an initial plea agreement which was ultimately, and only recently, declined. A continuance will assure that counsel have sufficient time to continue consultation, to complete discovery and review highly technical evidence, and to effectively prepare for trial.

## CONCLUSION

A continuance will best serve the ends of justice by assuring that the needs of due process are met by Mr. Grupe having adequate time to prepare his defense, and that he will receive a fair and just trial. Therefore, Defense Counsel requests a continuance of the trial date to October 2, 2017, as agreed upon by the parties or to a later date if the Court's schedule so prefers.

DATED: June 8, 2017                                  Respectfully submitted,

*/s/Frederic B. Jennings*
Frederic B. Jennings
Tor Ekeland
Tor Ekeland, P.C.
43 W. 43rd Street, Suite 50
New York, NY 10036
tel:    (718) 737-7264
fax:    (718) 504-5417
fred@torekeland.com
tor@torekeland.com

www.torekeland.com

*Counsel for Defendant*